PATRICIA LEE-GULLEY (SBN: 144962)
 plee-gulley@gordonrees.com
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA  92612
Telephone:  (949) 255-6950
Facsimile:  (949) 474-2060

TAMARA A. SEELMAN (*Admitted Pro Hac Vice*)
 tseelman@gordonrees.com
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80220
Telephone: (303) 534-5160
Facsimile: (303) 534-5161

AMJAD M. KHAN (SBN: 237325)
 amjad@bnslawgroup.com
BROWN, NERI & SMITH LLP
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Telephone: (310) 593-9890
Facsimile:  (310)593-9980

Attorneys for Non- Party
PMAC LENDING SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PMC BANCORP, f/k/a PROFESSIONAL MORTGAGE CORP. and PMAC LENDING SERVICES, INC,<br><br>　　　　Defendants. | CASE NO.  CV15-04867 - JAK (PJWx)<br>Honorable John A. Kronstadt<br>Honorable Patrick J. Walsh<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY PMAC LENDING SERVICES, INC.** |

-1-

1 Defendant PMAC Lending Services, Inc. ("PMAC"), through its counsel, 2 respectfully submits the Supplemental Authority attached hereto as Exhibit A in 3 support of its motion to dismiss, filed October 14, 2015 [Dkt. 37] which the parties 4 argued before this Court on January 25, 2016.

5 In the parties' briefs and at oral argument, they informed this court that 6 Plaintiff had filed several lawsuits in Colorado nearly identical to this one; that the 7 Colorado court had determined the lawsuits to be untimely; that Plaintiff appealed 8 those lawsuits; and that a ruling on the appeal was expected any day. Today, the 9 United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") entered its 10 ruling. A copy is attached hereto as Exhibit A.

11 In its ruling, the Tenth Circuit <u>affirmed the District Court's rulings that 12 Plaintiff's claims are barred by the statute of limitations</u>. The Tenth Circuit 13 concluded that Plaintiff's claims accrued when the Plaintiff's affiliate, Lehman 14 Brothers' Bank purchased loans from defendant mortgage originators and not from 15 the date Plaintiff made payments to Fannie Mae and Freddie Mac. (Exhibit A at p. 16 4). In rejecting Plaintiff's argument that its claim for indemnification accrued from 17 the date it made payments to third parties, the Tenth Circuit concluded that 18 Plaintiff's claims were breach of contract claims that accrued from the date of the 19 alleged breach applying the case *Peoples' Democratic Republic of Yemen v.* 20 *Goodpasture, Inc.*, 782 F.2d 346 (2d Cir. 1986):

> 21 In applying *Yemen*, we would regard Lehman Holdings' claims
> 22 as causes of action for breach of contract even if Lehman Holdings
> had pleaded them as claims for indemnity. "An action 'does not
> 23 become an action for indemnity merely because the pleader has so
> 24 denominated it.'" *Id*. at 350 (quoting *Bunker v. Bunker*, 437 N.Y.S.2d
> 326, 328, 80 A.D.2d 817, 817 (N.Y. App. Div. 1981)).
> 25
> 26 Like *Yemen*, Lehman Holdings had to pay third parties (Freddie
> Mac and Fannie Mae). But again like *Yemen*, Lehman Holdings had to
> 27 pay these third parties only because Universal American breached its
> 28

Gordon & Rees LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

> contract with Lehman Holdings. Just as Goodpasture's contract created a duty to Yemen rather than the shipowner, Universal American's contract created a duty to Lehman Holdings rather than Freddie Mac or Fannie Mae. Thus, *Yemen* would require us to base accrual of the cause of action on the date of Universal American's breach of contract rather than the date of Lehman Holdings' payment to a third party.
>
> ***
>
> As a result, we conclude that the causes of action accrued when Universal American and Standard Pacific sold the defective loans with the representations and warranties. These sales had closed in 2006 and 2007, more than three years before Aurora and Lehman Holdings brought suit in 2011 and 2012. Thus, all of the claims are presumptively time-barred under Delaware's three-year period of limitations.

(Exhibit A at p. 33-34).

PMAC hereby submits this case as supplemental authority in support of its arguments that Plaintiff's claims here are barred by the statute of limitations and the doctrine of collateral estoppel.

| | | |
|---|---|---|
| Dated: January 27, 2016 | | GORDON & REES LLP |
| | By: | s/Tamara A. Seelman |
| | | Tamara A. Seelman |
| | | Attorneys for Non-Party |
| | | PMAC LENDING SERVICES, INC. |

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I the undersigned, certify and declare that I am over the age of 18 years, and am an employee of Gordon & Rees LLP, 2211 Michelson Drive, Suite 400, Irvine, California 92612.

On **January 27, 2016** and pursuant to FRCP 5(b), I served a true and correct of the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS BY PMAC LENDING SERVICES, INC. on the parties below by E-Service via the Court's CM/ECF filing system addressed as follows to:

| | |
|---|---|
| Christopher P. Carrington<br>RICHARDS CARRINGTON<br>1755 Blake Street, Suite 240<br>Denver, Colorado 80202<br>chris@richardscarrington.com | Attorney for Plaintiff<br>Lehman Brothers Holdings, Inc. |
| Stephen D. Weisskopf, Esq.<br>Weisskopf Law<br>1800 Century Park East, Suite 600<br>Los Angeles, CA 90067<br>sweisskopf@weisskopflaw.com | Attorney for Plaintiff<br>Lehman Brothers Holdings, Inc. |
| Amjad M. Khan<br>Ethan J. Brown (SBN: 218814)<br>Brown, Neri & Smith LLP<br>11766 Wilshire Blvd., Suite 1670<br>Los Angeles, CA 90025<br>amjad@bnslawgroup.com<br>ethan@bnslawgroup.com | Attorney for Defendant<br>PMAC Lending Services, Inc. |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws

-3-
PMAC LENDING SERVICES, INC.'s NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS

of the United States of America that the foregoing is true and correct.

Executed on January 27, 2016 at Denver, Colorado.

                                        *s/Tamara A. Seelman*
                                        Tamara A. Seelman

-4-

PMAC LENDING SERVICES, INC.'s NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS